UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X,
ANTHONY J. ZAGGER,

                        Plaintiff,                 **REPORT AND**
      -against-                                 **RECOMMENDATION**
                                                              CV 08-1574 (JS)(ARL)

COUNTY OF SUFFOLK, DEPUTY SHERIFF
JOHN HELLBERG, POLICE OFFICER JOSEPH
EMIDDIO, SERGEANT DEAN JOSEPH,
POLICE OFFICER HECTOR PEREZ,
POLICE OFFICER DAVID FRABIZIO,
SERGEANT WILLIAM E. ROBINSON,
OFFICERS JOHN DOES 1-10,

                        Defendants.
-----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation as to whether service was properly effectuated. A hearing was conducted on January 21, 2010, February 2, 2010, February 25, 2010, and March 11, 2010. Based on the evidence presented, the undersigned recommends that an order be entered finding that service was not properly effectuated.

**BACKGROUND**

       On April 16, 2008, the *pro se* plaintiff, Anthony Zagger ("Zagger") commenced this action by filing a complaint against the defendants. On August 29, 2008, Zagger filed seven affidavits of service indicating that service had been effectuated on all of the named defendants. On March 12, 2009, counsel for the defendants advised the court that upon receipt of the August 29th ECF docket entry, the Suffolk County Attorney's Office began an investigation regarding

1

the alleged service and were unable to uncover any evidence that the complaints had actually been served. On December 10, 2009, the matter was referred to the undersigned.

According to the affidavits of service, the defendant County of Suffolk was served at the County Attorney's Office and service was accepted by Jackie Doe/secretary; the defendant Sheriff John Hellberg was served by delivering a true copy of the summons and complaint to him personally at the Suffolk County Correctional Facility; the defendants, Sergeant Dean Joseph, Police Officer David Frabizio, Sergeant William E. Robinson, and the Seventh Police Precinct, not-named as a defendant in the complaint, were served with a summons and complaint at the 7th Precinct in Shirley and service was accepted by a Police Officer Perez; and the defendant Police Officer Hector Perez was served by delivering a true copy of the summons and complaint to him personally at Police Headquarters in Yaphank. *See* Court Ex. 3. There is no affidavit of service for the defendant Police Officer Joseph Emiddio, and thus, there is no issue that service has not been effectuated with respect to Officer Emiddio.

The seven affidavits of service bear the name and license of Frederick Forgione ("Forgione"), who is a process server employed by Personal Process Service located in Queens. The plaintiff hired Personal Process Service through "his attorney at the time," Steven Haas.[1] Tr. 1/21/10 at 3. Forgione appeared at a hearing before the undersigned and testified that he did not sign or swear to any of the seven affidavits which bore his name.[2] Tr. 2/2/10 at 5. Forgione

---

[1] Mr. Haas participated during the final day of the hearing but did not appear on behalf of the plaintiff.

[2] Given the nature of the defendants' allegations, the court warned Mr. Forgione that his answers could result in criminal prosecution and recommended that he speak to an attorney before testifying, which he did. Tr. 2/2/10 at 4-5, 7.

surmised that the affidavits of service were signed by Frank Fiola (ph), another process server employed by the company.[3] Tr. 2/2/10 at 9. Forgione could not explain how Scott Jordan, who knew Forgione, could have notarized Forgione's alleged signature. Tr. 2/2/10 at 22.

Forgione acknowledged that he did not serve the County of Suffolk, Sheriff John Hellberg, or Police Officer Hector Perez although those affidavits of service bear his name as process server. In fact, Forgione testified that he was not even in Suffolk County on the day of that alleged service. Forgione, however, claimed that he served four copies of the summons and complaint on the defendants Joseph, Frabizio, and Robinson, as well as on the Seventh Police Precinct, at the Seventh Precinct in Shirley. Tr. 2/2/10 at 11. Forgione testified, in this regard, that he had an independent recollection of the service and his logbook reflected that service had been made. Tr. 2/2/10 at 13. Forgione indicated that it was his practice to record the index number, the name of the defendant, the address, the county, the date of serve and a description of the person for each "stop of service" he made in a day. *Id.*; Court Ex. 12, Logbook pp 67-68. According to his logbook entry, Forgione served the defendant "County of Suffolk, et [al.]" at "1419 William Floyd Parkway," on July 23, 2008. However, Mr. Forgione testified that he recalled not being able to find "1419 William Floyd Parkway;" remembering instead that service was made at the Seventh Precinct whose address he thought was "1491." Forgione further testified that according to his logbook service was made at 4:35, that it was "corporate service," and that the man who accepted service on behalf of defendants Joseph, Fabrizio , Robinson and

---

[3] Forgione provided the court's with sample of his actual signature so that the court could compare it to the signatures on the affidavits of service. *See* Court Ex. 8, 9, 10. He also testified that he recognized Mr. Fiola's signature because he had often notarized Mr. Fiola's signature on affidavits.

3

the Seventh Precinct was an Officer Perez, described as a "male; skin, white; hair, black; age, 36; 5'11"; 195 pounds." *See* Court Ex. 12, Logbook p 68.

Forgione testified that he had served all four summons and complaints by handing them to Officer Perez. Tr. 2/2/10 at 34. Specifically, Forgione stated that:

> I remember I pulled into the lot, parked the car, went inside through the door, and I saw one of the officers in there. I said, " I have service for the 7th Precinct here," and I gave him the papers. At that point, he said that the 7th Precinct can't take service, that you have to go somewhere else to serve the papers, and I told him that my direct[ions] are to serve the 7th Precinct. I gave him the papers and left.

Tr. 2/2/10 at 39-40. Forgione testified that Officer Perez was the first officer he saw when he walked into the precinct and that he made no attempt to speak to the desk officer because those were not his directions. Tr. 2/2/10 at 40. He also noted that he hadn't gotten far enough into the building to see a desk or a desk officer. *Id.*

Defense counsel proffered information concerning their investigation of this matter. Counsel noted that the County's general intake procedure is well established and handles "hundreds of complaints served on the municipality or its agents each year." Counsel noted that service of a complaint against the police is accepted at any of the precincts in Suffolk or police headquarters. Tr. 1/21/10. at 7. Counsel reported that a logbook is maintained at each precinct and at police headquarters, which records all service including a description of the document received and the agency or individual named. According to counsel, copies of the summons and complaint are then forwarded to the Suffolk County Attorney's Office to initiate their defense of the action. By virtue of this system, the County Attorney's Office usually receives multiple copies of a single complaint. Tr. 1/21/10. at 6. In this case, however, the County Attorney did

not receive a single complaint and only first received notice of this action approximately a year and a half later when it claims it received a notification from the court. (Tr. 1/21/10. at 3-8) The County Attorney's Office obtained the logbooks maintained at the 7th Precinct, Police Headquarters, and the Suffolk County Jail. None of the logbooks contained any record that service had been made at any of the these locations as claimed on the seven sworn affidavits of service.

At the hearing, Lieutenant Nolan, a Lieutenant Investigator for the Correction Division of Suffolk County, elaborated on the intake procedures followed by the Suffolk County Jail and the Sheriff's Department. He testified that the Internal Affairs Department is the only place that accepts service on behalf of the Sheriff's Department and that anyone who attempts service at a different location would be rejected.[4] Tr. at 2/2/10 at 45-46. Lieutenant Nolan also testified that he had reviewed the logbook kept by Internal Affairs for July and August of 2008 and there is no indication that service was made on Sheriff Hellberg on July 25th. *Id.; see also* Court Ex. 11.

Police Officer Edward Jauntry, an officer assigned to the Claim Investigation Unit of the County Attorney's Office, also testified. Officer Jauntry stated that he had conducted an investigation as to whether any of the defendants had been served in this case. Tr. at 2/2/10 at 56. Jauntry testified that he checked the logbook entries at the County Attorney's Office and Police Headquarters and determined there were no entries corresponding to the affidavits of service allegedly signed by Forgione. (Exh. 5 and 6, Tr. at 2/2/10 at 56; *see also* Court Ex. 13. In addition, Officer Jauntry testified that because on July 28th, the defendant Officer Hector

---

[4] Lieutenant Nolan also noted that a process server would not have been able to go passed the entrance booth at the jail located at 100 Center Drive in Riverhead, the address reflected on the affidavit of service for Sheriff Hellberg.

Perez was assigned to the Medical Evaluation Bureau for injuries he had sustained, Jauntry also checked the logbooks at the Medical Evaluation Bureau, as well as the Highway Patrol where Perez was normally assigned, for evidence of any service. Neither logbook reflected service for Officer Hector Perez. Tr. at 2/2/10 at 59-60. Finally, as yet another or perhaps even the same "Officer Perez" was listed as having accepted process at the 7th Precinct for the defendants Sergeant Dean Joseph, Police Officer David Frabizio, Sergeant William E. Robinson, and the Seventh Police Precinct, Officer Jauntrey reviewed the personnel logs to determine if there was an Officer Perez assigned to the 7th Precinct on July 22nd the date of service. His review revealed that no Officer Perez was even assigned to the 7th Precinct on July 22nd. Tr. at 2/2/10 at 60-64. Finally, Officer Jauntry testified that he had interviewed the clerk at the Seventh Precinct that handles process and his investigation revealed that no papers had been served in this matter on July 22, 2008 at the Seventh Precinct. Tr. at 2/2/10 at 63.

      Weighing the evidence presented and the credibility of the witnesses, it was clear to the court, by the close of the hearing on February 2, 2008, that service upon the defendants had not been made. The court, nonetheless, gave the plaintiff an opportunity to subpoena Frank Fiola, who Forgione speculated was the person who had signed the affidavits, and Scott Jordon, the notary. Zagger returned to court on February 25, 2010, but was unable to produce Messrs. Fiola or Jordon. The court then adjourned the hearing for one final day and urged the plaintiff to discuss the matter with legal counsel. The plaintiff appeared again on March 11, 2010, with his former counsel Mr. Haas, and advised the court that he did not wish to present any additional evidence

6

# DISCUSSION

Based on the evidence presented at the hearing, the undersigned concludes that proper service was not effectuated on any of the defendants. It is clear that "[v]alid service of process is an essential element of personal jurisdiction." *Daval Steel Prod. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 161 (S.D.N.Y. 1989). To begin with, the requirements under the Federal Rules of Civil Procedure and the New York Civil Practice Law and Rules ("CPLR") for service on a municipality have not been met. Under federal law, "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under New York law, service on a county requires the delivery of a copy of the summons to the chair or clerk of the board of supervisors, clerk, attorney or treasurer. N.Y. C.P.L.R. §311(a)(4). Failure to strictly comply with this requirement constitutes improper service. *See, e.g., Schaeffer v. Village of Ossining*, 58 F.3d 48, 49 (2d Cir. 1995).

The plaintiff also failed to properly serve Deputy Sheriff Hellberg and Police Officers Emiddio, Joseph, Perez, Frabizio, and Robinson, as the requirements for service upon an individual under both federal and state law have not been met. Rule 4(e) of the Federal Rules of Civil Procedure states that an individual may be served "by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of

each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." CPLR §308 provides the acceptable methods of service on an individual under New York law, none of which were attempted.

In sum, the undersigned finds that plaintiff failed to properly serve the defendants and recommends that an order be entered finding that the court lacks personal jurisdiction over them. The undersigned further recommends this matter be referred to the proper authorities to conduct an investigation into the practices of Personal Process Service, Inc.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to plaintiff by mail and to counsel for the defendants by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this perio`d waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
April 14, 2010

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge