```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY J. ZAGGER,

                Plaintiff,              MEMORANDUM & ORDER
                                        08-CV-1574 (JS)(ARL)
        -against-

COUNTY OF SUFFOLK, DEPUTY SHERIFF JOHN
HELLBERG, POLICE OFFICER JOSEPH EMIDDIO,
SERGEANT DEAN JOSEPH, POLICE OFFICER
HECTOR PEREZ, POLICE OFFICER DAVID
FRABIZIO, SERGEANT WILLIAM E. ROBINSON,
OFFICERS JOHN DOES 1-10,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Anthony J. Zagger, pro se
                    2699 Colonial Avenue
                    Merrick, NY 11566

For Defendant
County of Suffolk:  Richard T. Dunne, Esq.
                    Suffolk County Department of Law
                    H. Lee Dennison Building
                    100 Veterans Memorial Highway
                    Hauppauge, NY 11788

For the Remaining
Defendants:         No appearances.
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report & Recommendation ("R&R"), issued April 14, 2010. For the foregoing reasons, the Court ADOPTS this R&R in its entirety and dismisses the Complaint for lack of personal jurisdiction.

## BACKGROUND

On April 16, 2008, Anthony Zagger ("Zagger"), pro se, commenced this action. On August 29, 2008, Zagger filed seven affidavits of service indicating that service had been effectuated on the named defendants. On March 12, 2009, Suffolk County's counsel advised the Court that the Suffolk County Attorney's Office had been unable to uncover any evidence that the Complaint had actually been served. On December 10, 2009, the Court referred to Magistrate Judge Arlene R. Lindsay the question of whether Zagger had properly served the defendants. After conducting hearings, Magistrate Judge Lindsay issued the R&R. Reporting that Plaintiff had failed to properly effectuate service on any defendant, Magistrate Judge Lindsay recommended that the Court enter an order dismissing the Complaint for lack of personal jurisdiction. Magistrate Judge Lindsay further recommended that "this matter be referred to the proper authorities to conduct an investigation into the practices of Personal Process Service, Inc.," the company that purported to serve the defendants. Plaintiff filed no objections to Magistrate Judge Lindsay's R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606. 609-10 (S.D.N.Y. 2001) (internal quotations omitted).

Here, Zagger did not object to Magistrate Judge Lindsay's R&R. And the Court finds her R&R to be correct, comprehensive, well-reasoned, and free of any clear error. It is well-settled that "[v]alid service of process is an essential element of personal jurisdiction." Kiernan v. Hermes Intern., 09-CV-1508, 2009 WL 2707343, *2 (E.D.N.Y. 2009). As Magistrate Judge Lindsay properly reported, Zagger never properly served the defendants. Thus, the Court cannot exercise personal jurisdiction over them. And it follows that the Court must dismiss for lack of personal jurisdiction.

CONCLUSION

Magistrate Judge Lindsay's R&R is adopted in its entirety. The Complaint is DISMISSED for lack of personal jurisdiction.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 28, 2010
Central Islip, New York